Charles Pecar sustained injuries when the horse on which he and another young man were riding, ran into a taxicab owned by Toye Bros. Yellow Cab Company, operated at the time by an employee acting within the scope of his employment. Pecar brought this suit for damages praying for judgment in the sum of $4,182, alleging that the cause of the accident was the negligence of the said chauffeur in driving the taxicab at a high rate of speed into the street intersection in which the accident occurred, and in then suddenly stopping the cab directly in front of the horse when the said animal was so close that it could not be stopped before it crashed into the side of the vehicle. The accident occurred at about 5:30 o'clock in the late afternoon on January 10, 1939, at the corner of Governor Nichols and North Rocheblave Streets. The horse was proceeding in Governor Nichols Street towards the Mississippi River and the cab was on its way up North Rocheblave Street.
Pecar charges that the chauffeur violated several of the provisions of City Traffic Ordinance No. 13702, C.C.S., particularly paragraph 1 of section 1 of Article VIII, which makes it unlawful for the operator of a vehicle "* * * to stop, stand or park such vehicle * * *
(a) Within an intersection."
And paragraph 1 of Section 2 of Article V which declares that "Any person who drives any vehicle upon a highway carelessly and heedlessly in disregard of the rights or safety of others * * * at a speed or in a manner so as to endanger * * * any person or property, shall be guilty of reckless driving."
The defendant partnership and the individuals who compose it, and who are also made defendants, deny that there was any negligence on the part of the driver of the taxicab, asserting that the cause of the accident was the carelessness of John *Page 121 
Williams, who was riding and guiding the said horse at an excessive rate of speed while approaching the intersection; that he was also negligent in not driving the horse to the right-hand side of the street and in failing to keep a lookout for traffic on the other street which he was about to cross. It is charged that he was also negligent in not attempting to avoid the cab which was stopped and in plain view, and "in overloading and exciting said horse by having two riders."
All of the said acts of negligence are said by defendants to be violative of the provisions of the City Traffic Ordinance mentioned above.
Defendants charge that if it be proven that their chauffeur was in any way at fault, then Pecar, although he was not in charge of the horse, was himself guilty of negligence in overloading and exciting the horse; in permitting Williams to drive it at an excessive and dangerous rate of speed; in failing to keep a proper lookout, and in not warning Williams of the danger of riding the horse at a speed which was excessive in view of the traffic conditions.
There was judgment dismissing the suit and plaintiff has appealed.
On behalf of Pecar, counsel contends that if there was any negligence in the driver of the taxicab which in any way caused or contributed to the accident, then, in spite of any negligence of Williams, there should be a recovery and that the negligence of Williams should not be imputed to Pecar who, in his position on the rear end of the horse, was a "guest passenger" thereon.
It is very evident that the horse entered the intersection at a dangerous speed. Pecar, himself, admits that it had been galloping and that when it was 20 feet from the corner it was going at a "fast trot."
Vincent Ciuffi, a witness called by Pecar, though he did not actually see the collision, saw the effects of it and, referring to the damage done to the taxicab by the horse, said: "The lick he put on there he must have been running."
Brown, the chauffeur, said: "It was going as fast as it could."
Mrs. Michel, one of the occupants of the cab, stated that the horse "was going just as fast as it could run." Michel, also a passenger, said that the horse "hit it (the cab) a heavy blow" and that "the cab shaken all over." Simoneaux, also a passenger in the cab, fixed the speed of the horse at about 20 miles per hour.
On the other hand, there is no corroboration of plaintiff's claim that the taxicab had been running at an excessive speed. It is shown conclusively that as the cab entered the intersection, the chauffeur noticed the horse approaching at an excessive rate of speed, and fearing that he could not complete the intersection before the arrival of the horse, brought the cab to a stop when its front end was about ten feet or so in the intersection, but that the men on the horse made no effort to stop and permitted it to crash into the right side of the cab, with the result that Pecar was thrown upon the top and continued on over to the other side and fell to the ground.
Plaintiff maintains that the cab was on the left-hand side of North Rocheblave Street and that it had almost completed the crossing of Governor Nichols Street, but the record leaves no doubt whatever that it was on its proper side and that when it stopped it did not extend into the intersection more than about one-third of the width of the street. It follows from this that the horse must have been on the left side of Governor Nichols Street or at least not to the right of the middle, and it also follows that if it had been in its correct position on the right side of Governor Nichols Street, it could have passed safely around the front of the stationary automobile.
It is also very obvious that the two men on the back of the horse paid no attention whatever to what was going on for they could easily have seen the automobile, and could have stopped the horse in ample time to have avoided the crash. There is no believable evidence in the record which shows the slightest fault on the part of the chauffeur, whereas the evidence is most convincing that the two young men on the horse were guilty of the grossest carelessness. It is not necessary for us to determine whether Pecar as a "guest passenger" on the horse should or should not be charged with the negligence of Williams, the driver, since Pecar's own negligence would prevent recovery even had there been negligence on the part of the driver of the taxicab.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.
SIMON, J., takes no part. *Page 122